UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JEFFREY DIPPER,

                    Plaintiff,

  - against -

THE UNION LABOR LIFE INSURANCE
COMPANY,

                    Defendant.

CIVIL ACTION

Civil Action No. 05-cv-1935(CM)
Hon. Colleen McMahon

ECF Case

**NOTICE OF MOTION
IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT**

------------------------------------------------------------------x

      PLEASE TAKE NOTICE that upon the annexed Memorandum of Law dated May 13, 2005, the Statement of Material Facts pursuant to Local Civil Rule 56.1, the Declaration of Andrew O. Bunn, Esq., and the Affidavit of Catherine A. Burke, Defendant the Union Labor Life Insurance Company hereby moves this Court for the following relief: an Order pursuant to Federal Rule of Civil Procedure 56 for Summary Judgment, together with costs and such other and further relief as the Court deems appropriate.

Dated:     New York, New York
            May 13, 2005

                              THE UNION LABOR LIFE INSURANCE COMPANY
                              By and through their attorneys,

                              _s/Andrew O. Bunn_
                              Andrew O. Bunn (AB 1427)
                              McCARTER & ENGLISH, LLP
                              245 Park Avenue

New York, New York 10167<br>
(212) 609-6800<br>
f- (212) 609-6921

TO:    Robert J. Lackaye, Esq.
        90 Market Street, P.O. Box 5188
        Poughkeepsie, New York 12602
        (845) 471-3140
        f- (845) 471-5148

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
JEFFREY DIPPER,                              :
                                             :     CIVIL ACTION
                   Plaintiff,                :
                                             :
       -against-                             :     05-cv-1935(CM)
                                             :     Hon. Colleen McMahon
THE UNION LABOR LIFE INSURANCE               :
COMPANY, INC.,                               :     ECF Case
                                             :
                   Defendant.                :     **DECLARATION OF**
- - - - - - - - - - - - - - - - - - -        :     **SERVICE**
                                             :
                                             X

      Grace S. Kurdian, of full age, hereby declare as follows:

      I am an attorney-at-law of the State of New York, and am an associate of McCarter and English, LLP, attorneys for defendant, The Union Labor Life Insurance Company, Inc.

      On May 13, 2005, I caused the within **Motion for Summary Judgment** ("Motion") consisting of the following papers: Notice of Motion; Memorandum of Law; Statement of Material Facts; Declaration of Andrew O. Bunn, Esq.; and Affidavit of Catherine A. Burke to be served via ECF and regular mail upon the following:

      Robert J. Lackaye, Esq.
      Attorney for Plaintiff
      90 Market Street, P.O. Box 5188
      Poughkeepsie, NY 12602
      (845) 471-3140

by filing electronically through the Southern District of New York's ECF system and also by placing a true copy of same in a postage paid, properly addressed envelope and causing same to be deposited in an official depository of the United States Postal Service within the State of New York. Upon the electronic filing of the Motion, Mr. Lackaye will receive notice electronically from the Clerk's office in accordance with the ECF rules.

                                                s/Grace S. Kurdian
                                                Grace S. Kurdian

Dated: May 13, 2005
New York, New York

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
JEFFREY DIPPER,                    :    CIVIL ACTION
                Plaintiff,         :
       -against-                   :    Civil Action No. 05-cv-1935(CM)
                                   :    Hon. Colleen McMahon
THE UNION LABOR LIFE INSURANCE
COMPANY,                           :    ECF Case
                Defendant.         :    STATEMENT OF MATERIAL FACTS
-----------------------------------      IN SUPPORT OF SUMMARY
                                   :    JUDGMENT PURSUANT TO LOCAL
                                           CIVIL RULE 56.1(a)
                                   x
```

Defendant The Union Labor Life Insurance Company ("Union Labor") submits the following Statement of Material Facts pursuant to Local Civil Rule 56.1(a):

**The ERISA-Administered Insurance**

1. The Union Privilege Insurance Plan and Trust Agreement ("Plan") is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Affidavit of Catherine A. Burke ("Burke Aff."), Ex. D.

2. The Plan grants subscribing unions of the AFL-CIO the ability to establish and administer insurance benefit plans pursuant to ERISA. Burke Aff., Ex. D.

3. The Plan established various group insurance programs, including the program under which plaintiff Jeffrey Dipper ("Dipper") presented a claim for benefits. Burke Aff., Ex. D.

4. The Group Accidental Death and Dismemberment Insurance Certificate ("Certificate") was issued pursuant to the Plan and provided by Union Labor. Burke Aff., Exs. D, E.

5. Union Labor also issued a Group Policy ("Policy"). Burke Aff., Ex. C.

6. Dipper completed an enrollment form for accidental death and dismemberment insurance dated October 13, 1997. Burke Aff., Ex. NN.

### The June 28, 2003 ATV Rollover

7. According to the Police Report taken at 11:31pm on June 28, 2003, Dipper was "attempting to drive his Polaris Ranger 4x4 ATV… up a steep rock outcropping" when the "vehicle flipped over, ejecting all 4 occupants." Burke Aff., Ex. T.

8. Dipper was *not* wearing a helmet. Burke Aff., Ex. Q.

9. As specifically noted in the Police Report, the driver, Dipper, and passengers were all intoxicated: "[i]t was found upon investigation that all occupants were drinking alcohol and [sic] contributed to the accident." Burke Aff., Ex. T.

10. Toxicology testing that was administered at St. Francis Hospital ("St. Francis") confirmed that Dipper was intoxicated. Burke Aff., Ex. U. According to the toxicology report, testing performed on June 29, 2003 at 1:50am revealed an alcohol level of 127 mg/dl. As noted in the footnote of the report, this is a high level, denoted by an "H" next to the testing result of "127". Burke Aff., Ex. U.

### The Claim Submitted by Dipper

11. The claim filing instructions are set forth in a letter from Union Labor containing those instructions. Burke Aff., Ex. M.

12. Dipper submitted a claim form to Union Labor dated July 28, 2003, listing the date of the incident as June 28, 2003.  Burke Aff., Ex. F.

**Union Labor's Requests for Additional Information in Reviewing the Claim**

13. By letter dated August 20, 2003, Union Labor requested additional information from Dipper required for the claim review.  Burke Aff., Ex. G.

14. By letter dated August 20, 2003, Union Labor requested records, including toxicology test results, from St. Francis.  Burke Aff., Ex. H.

15. By letter dated August 20, 2003, Union Labor requested records, including toxicology test results, from Westchester Medical Center ("Westchester").  Burke Aff., Ex. I.

16. By letter dated September 22, 2003, Union Labor made a second request for medical records from St. Francis, copying Dipper on the request.  Burke Aff., Ex. J.

17. By letter dated September 22, 2003, Union Labor made a second request for medical records from Westchester, copying Dipper on the request.  Burke Aff., Ex. K.

18. By letter dated September 22, 2003, Union Labor made a second request to Dipper for any police accident report and supporting documents.  Burke Aff., Ex. L.

19. By letter dated January 8, 2004 to Westchester, Union Labor requested additional information specifically inquiring whether toxicology testing had been performed and requesting any toxicology report and lab results, copying Dipper on the request. Burke Aff., Ex. CC.

20. By letter dated January 8, 2004 to St. Francis, Union Labor requested a complete copy of all lab results, including toxicology testing results, copying Dipper on the request.  Burke Aff., Ex. DD.

21. By letter dated February 13, 2004, Union Labor informed Dipper that additional information was needed for the claim determination and specifically requested the contact information for the police agency that had responded and prepared the June 28, 2003 report. Burke Aff., Ex. EE.

22. By letter dated March 5, 2004, Union Labor requested any toxicology testing reports from the Columbia County Sheriff's Department. Burke Aff., Ex. FF.

23. By letter dated March 10, 2004, the Columbia County Sheriff's Office indicated that it did not have any toxicology testing report and suggested that Union Labor address its request to St. Francis. Burke Aff., Ex. GG.

24. By letter dated April 9, 2004 to Westchester, Union Labor again requested a copy of toxicology lab results, copying Dipper on the request. Burke Aff., Ex. II.

25. By letter dated April 6, 2004 to Dr. Kimberly Wattoff, M.D., of St. Francis, Union Labor referred to notations in the emergency room records that had been provided and requested information as to whether any toxicology testing had been performed. Dipper was copied on this request. Burke Aff., Ex. HH.

26. By letter dated May 3, 2004 to Dr. Kimberly Wattoff, M.D., of St. Francis, Union Labor reiterated its request from its March 16, 2004 letter request to Dr. Wattoff for the results of any toxicology testing that had been performed, copying Dipper on the request. Burke Aff., Ex. JJ.

27. By letter dated May 3, 2004 to Westchester, Union Labor reiterated its previous requests for any toxicology testing lab results, copying Dipper on the request. Burke Aff., Ex. KK.

28. By memorandum dated May 7, 2004, Marsha May wrote to Dr. Sal Fiscina, M.D., outside consultant to Union Labor, requesting that he advise regarding the recommended claim determination. A handwritten notation signed by Dr. Fiscina indicates his agreement to the recommended claim determination. Burke Aff., Ex. Y.

### The Administrative Record

29. The file received from the third-party administrator that is maintained and considered by Union Labor ("administrative record") with regard to Dipper's claim includes the claim form, letters and correspondence exchanged between Union Labor, Dipper, and the hospitals requesting additional information as required in reviewing the claim. (See section regarding "Union Labor's Requests for Additional Information in Reviewing the Claim", supra).

30. The administrative record includes the Certificate. Burke Aff., Ex. E.

31. The administrative record includes non-medical documentation, including invoices for helicopter transport service, invoices from Westchester listing dates of services and various charges, invoices from Southern Columbia Ambulance, and invoices from Westchester for copying of hospital records. Burke Aff., Exs. N-P, W.

The administrative record contains the following medical reports:

- Patient Discharge Instruction Form, Discharge Summary from Westchester (Burke Aff., Ex. Q);
- Emergency Physician Record of June 29, 2004, Nursing Record from the Department of Emergency Medicine at St. Francis (Burke Aff., Ex. R);
- Demand Results Document by Dr. Wattoff, M.D. of St. Francis (Burke Aff., Ex. S);
- St. Francis laboratory testing results, including blood bank testing results, chemistry biochemical testing results (Burke Aff., Ex. U);

- permanent summary reports dated July 5, 2003, July 13, 2003, and July 20, 2003 from Westchester (Burke Aff., Ex. V);
- an Outpatient Registration Form from St. Francis (Burke Aff., Ex. X);
- a trauma, vital signs report (Burke Aff., Ex. BB).

32. The administrative record includes the Police Report and correspondence with the Sheriff's Department seeking additional information. Burke Aff., Exs. T, FF, GG.

### The Claim Determination and Subsequent Review

33. The Police Report states that "it was found upon investigation that all occupants were drinking alcohol and [sic] *contributed to the accident.*" Burke Aff., Ex. T (emphasis added).

34. The toxicology testing received from St. Francis indicates that Dipper had an alcohol level of 127 mg/dl. Burke Aff., Ex. U.

35. By letter dated May 19, 2004, Union Labor notified Dipper of its claim determination. ("claim decision") Burke Aff., Ex. Z.

36. The claim decision states: "[a]fter a thorough review of the claim file, we have determined that this *claim is not covered* under the terms of this policy." Burke Aff., Ex. Z. (emphasis added).

37. The Certificate defines an injury as "bodily injury caused by an *accident, directly and independently of all other causes.*" Burke, Ex. E (emphasis added).

38. The Certificate contains various exclusions, including exclusions for: "a. intentionally *self-inflicted* injury," "c. an injury that occurs *because the insured is intoxicated,*" and "j. operating a motorcycle, mini-bike, or motor bike while *not wearing a helmet.*" Burke Aff., Ex. E (emphasis added).

39. The claim decision and appeal decision both cite the exclusionary language of the Certificate:

> The "Exclusions" section of the Certificate states 'This certificate does *not cover loss caused by or resulting from (c) an injury that occurs because the Insured is intoxicated.*" The toxicology testing done by St. Francis hospital indicates *your blood alcohol was 127 mg/dl*. The police report states that all occupants of the ATV were drinking alcohol and it contributed to the accident. Based on this information, and the above exclusion, no benefits would be payable under the terms and provisions of this policy.

[Burke Aff., Ex. Z] (emphasis added).

40. By letter dated September 29, 2004, Robert Lackaye, Esq., notified Union Labor that he had been retained in connection with litigation to recover benefits under a certificate. Burke Aff., Ex. AA.

41. By letter dated October 7, 2004, Union Labor responded to Mr. Lackaye's letter, stating that his correspondence and the claims materials had been forwarded to the insurance carrier for review. Burke Aff., Ex. LL.

42. A memorandum dated October 8, 2004 from Kristi Jones to Dr. Sal Fiscina, M.D., outside consultant to Union Labor, references the accidental dismemberment appeal claim, explains that Dipper's attorney has appealed the claim, and requests further review of the claim determination. Burke Aff., Ex. MM.

43. By email dated November 15, 2004, Susan Noon, Assistant Vice President of Insurance Operations, wrote to Dr. Sal Fiscina, M.D., outside consultant to Union Labor, and Cathy Burke, recommending that Union Labor request that an outside expert review the claim determination. Burke Aff., Ex. OO.

44. By email dated December 8, 2004, Julie O'Brien of Alicare Medical Management, Inc., forwarded to Susan Noon of Union Labor a physician review and analysis by Dr.

Seth Lewin, M.D., regarding alcohol levels and physical impairment. Burke Aff., Ex. PP.

45. As stated in the memorandum and analysis by outside expert Dr. Lewin, M.D., "a level of *.127 mg%* [alcohol] in the bloodstream of the individual... would, in my view, be *incontrovertible evidence of intoxication* and thus the *driver would have to be considered to have been impaired* at the time he crashed his off-road vehicle." Burke Aff., Ex. PP (emphasis added).

46. By letter dated January 14, 2005, Union Labor notified Dipper that following an independent medical review conducted as a result of his appeal, the claim was denied based on the intoxication exclusion. ("appeal decision") Burke Aff., Ex. QQ.

47. Both the May 19, 2004 and January 14, 2005 letters specifically reserved Union Labor's rights to name other bases for denial: "[w]hile we have denied benefits based on the reasons explained above, denial upon this basis does not waive the Company's right to name any other basis of denial that may be found to exist regarding this coverage. The right is expressly reserved by the Company." Burke Aff., Exs. Z, QQ.

Dated: New York, New York
May 13, 2005

                                                                    McCARTER & ENGLISH, LLP

By:         s/Andrew O. Bunn
             Andrew O. Bunn, Esq. (AB 1427)
             Attorneys for Defendant
             The Union Labor Life Insurance Company
             245 Park Avenue, 27th Floor
             New York, New York 10167
             (212) 609-6800